UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Public Interest Legal Foundation,<br><br>*Plaintiff*,<br><br>v.<br><br>David Voye, Manager of Elections for Allegheny County, and Rich Fitzgerald, Bethany Hallam and Samuel DeMarco III, as Members of the Allegheny County Board of Elections in their official capacities,<br><br>*Defendants*. | No. 20-cv-00279-CRE |

**PLAINTIFF PUBLIC INTEREST LEGAL FOUNDATION'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE MOTION TO INTERVENE
AND SUPPORTING MEMORANDUM**

**INTRODUCTION**

Plaintiff Public Interest Legal Foundation (the "Foundation") respectfully submits this memorandum in support of its Motion to Strike the Motion to Intervene and Supporting Memorandum filed by filed by non-parties League of Women Voters of Pennsylvania, League of Women Voters of Greater Pittsburgh, Inc., One Pennsylvania, and the Pittsburgh Chapter of the A. Philip Randolph Institute (together, "Intervenors"). In support of the Motion, the Foundation states the following:

The Foundation filed this action against Defendants (together, the "County") on February 24, 2020. The Foundations' Complaint for Declaratory and Injunctive Relief (Doc. 1) alleges that the County is violating Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507, by *inter alia*, failing to conduct a general program that makes a reasonable effort to remove the names of ineligible registrants from the official list of eligible registrants.

1

On March 2, 2020, Intervenors filed a motion to intervene as defendants (Doc. 4) and a supporting memorandum (Doc. 5). Intervenors' motion and memorandum should be struck for two reasons. First, the memorandum exceeds the page limit for non-dispositive motions set by the Practices and Procedures for Chief United States Magistrate Judge Cynthia Reed Eddy. *See* Chamber Rule II.B.1. Second, Intervenors did not file a pleading with their motion in violation of Federal Rule of Civil Procedure 24(c). For these reasons, this Court should strike the motion and supporting memorandum.

## I. Intervenor's Supporting Memorandum Should be Struck Because it Exceeds the Applicable Page Limit.

Local Civil Rule 7(A) requires that all motions in civil cases "shall comply with the applicable Federal Rules of Civil Procedure, the applicable Local Rules, the orders of the assigned Judge and the practices and procedures of the assigned Judge." On February 26, 2020, the Honorable William Stickman recused himself from this action. (Doc. 3.) The next day, on February 27, 2020, the Honorable Cynthia Reed Eddy was assigned to this action. No other district or magistrate judge has been assigned to this case.

The Practices and Procedures for Chief United States Judge Cynthia Reed Eddy[1] provide,

> Chief Magistrate Judge Eddy imposes a page limitation of twenty (20) pages for all dispositive and responsive briefs. **The page limitation for non-dispositive motions and responsive briefs is five (5) pages.**

Chamber Rule II.B.1 (emphasis added). A motion to intervene is a non-dispositive motion and is therefore limited to five (5) pages.

---

[1] https://www.pawd.uscourts.gov/sites/pawd/files/CRE_PRACTICES_PROCEDURES_2020.pdf (last accessed March 4, 2020). A version of these practices and procedures is also available at https://www.pawd.uscourts.gov/sites/pawd/files/MJE_PRACTICES_AND_PROCEDURES.pdf. In that version, Chamber Rule II.B.1 reads, "The page limitation for non-dispositive *moving* and responsive briefs is five (5) pages." (Emphasis added). Intervenors' memorandum violates both versions of the rule.

Intervenors' supporting memorandum is over sixteen (16) pages in length and thus significantly exceeds the applicable page limit.[2] Intervenors did not seek leave to exceed the page limit and therefore Intervenors' memorandum violates the rules. For that reason alone, the memorandum should be struck. *Brown v. Joseph McCormick Constr. Co.*, Civil Action No. 14-27 Erie, 2015 U.S. Dist. LEXIS 51165, at *1 n.2 (W.D. Pa. Apr. 17, 2015) (2015 WL 1757646) (disregarding sur reply that "exceeds the page limitation and was filed without leave of Court"); *see also WS Liquidation, Inc. v. Etkin & Co.*, No. 02:08-cv-1742, 2009 U.S. Dist. LEXIS 4353, at *3 (W.D. Pa. Jan. 22, 2009) (2009 WL 161662) (refusing to consider portions of brief exceeding five-page limit).

Intervenors' failure to abide by rules is not harmless. The five-page limit applies to "non-dispositive motions *and responsive briefs*." Chamber Rule II.B.1. If the memorandum is not struck, the Foundation will be highly prejudiced in its effort to oppose the motion to intervene because it must counter sixteen pages of argument in less than one-third the space. *See Joy Glob., Inc. v. Wis. Dep't of Workforce Dev. (In re Joy Glob., Inc.)*, No. 01-039-LPS, 2011 U.S. Dist. LEXIS 134577, at *4-5 (D. Del. Nov. 22, 2011) (2011 WL 5865542) (striking motion and brief where violation of applicable page limit forced non-offending party to "to evaluate and respond to more than three times as much argument than would have been necessary had [offending party] complied with the Local Rules."); *Monec Holding AG v. Motorola Mobility, Inc.*, Civil Action No. 11-798-LPS-SRF, 2014 U.S. Dist. LEXIS 123898, at *4 (D. Del. Sep. 5, 2014) (2014 WL 4402825) (finding non-offending party "prejudiced" by being forced to respond to excessive argument and striking filing).

For these reasons, the Court should strike the motion and memorandum.

---

[2] This calculation does not include the caption, tables, and signature blocks, which are typically not included when calculating the length of brief.

### II.     Intervenors' Motion Should Be Struck Because Intervenors Did Not Attach A Pleading in Violation of the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 24(c) requires that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Intervenors did not file such a pleading with their motion.

"Generally, failure to comply with the requirements of Rule 24(c) will result in the denial of a motion to intervene." *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. 09-1572, 2017 U.S. Dist. LEXIS 57870, at *7 (W.D. Pa. Apr. 17, 2017) (2017 WL 1376298) (collecting cases). While some courts have exercised discretion to permit a procedurally defective motion to intervene, they have done so only where "other parties will not be prejudiced by the failure to have a proposed pleading along with the motion for intervention." *Id.* at *8.

The requirements of Rule 24(c) should not be waived here because Intervenors' failure to file a pleading is prejudicial to the Foundation. Without the benefit of a proposed pleading, the Foundation lacks notice of the Intervenors' positions and defense(s). The Foundation cannot sort through Intervenors' supporting memorandum to guess what information would have remained had it been kept to the appropriate length. Besides, regardless of length, a motion to intervene and a pleading serve different purposes. Only a pleading will permit the Foundation to adequately respond to Intervenors' motion. For example, by comparing Intervenors' proposed answer to any answer filed by the County, the Foundation can assess whether claims and defenses are adequately represented by existing parties. If Intervenors have no argument or defense different than those of the County, then they are truly wasting everyone's time, and intervention should be denied on that basis alone.

For these reasons, the Court should strike the motion to intervene.

## **CONCLUSION**

Intervenors motion to intervene and supporting memorandum suffer from two fatal defects. This Court should order that they be struck.