## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Public Interest Legal Foundation,<br><br>     *Plaintiff*,<br>*v.*<br><br>David Voye, Manager of Elections for Allegheny County, and Rich Fitzgerald, Bethany Hallam and Samuel DeMarco III, as Members of the Allegheny County Board of Elections in their official capacities,<br><br>     *Defendants*. | No. 20-cv-00279-CRE |

## PLAINTIFF PUBLIC INTEREST LEGAL FOUNDATION'S RESPONSE IN
## <u>OPPOSITION TO MOTION TO INTERVENE</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.   The Court Should Deny the Leagues' Request for Intervention as of Right .......... 2

        A.  The Leagues Have No "Sufficient Interest" in this Action's
            Subject Matter ............................................................................................. 2

        B.  The Leagues Have No Interest that Will be Affected by this Action ......... 6

        C.  The Leagues Have Not Overcome the Presumption of Adequate
            Representation ............................................................................................. 10

    II.  The Court Should Deny the Leagues' Request for Permissive Intervention ......... 12

        A.  The Leagues Do Not Have a Separate Claim or Defense ......................... 13

        B.  The Leagues Will Cause Unduly Delay and Expense if Permitted
            to Intervene ................................................................................................. 14

        C.  The Leagues' Interests Are Served Through Participation as
            Remedial *Amici* ......................................................................................... 16

CONCLUSION .............................................................................................................. 16

# TABLE OF AUTHORITIES

*Cases*

*Am. Ass'n of People with Disabilities v. Herrera*,
No. CIV 08-0702, 2009 U.S. Dist. LEXIS 47156 (D.N.M. Apr. 20, 2009) ..................5

*Bellitto v. Snipes*,
No. 16-cv-61474 (filed Sept. 19, 2016) ..................................................... 4-5

*Benjamin v. Dep't of Pub. Welfare of Commonwealth*,
432 F. App'x 94 (3d Cir. 2011) ....................................................................4

*Benjamin v. Dep't of Pub. Welfare of Pa.*,
267 F.R.D. 456 (M.D. Pa. 2010)..................................................................14

*Brody v. Spang*,
957 F.2d 1108 (3d Cir. 1992)................................................................ 10-13

*Conservation Law Found., Inc. v. Mosbacher*,
966 F.2d 39 (1st Cir. 1992).........................................................................7

*Corman v. Torres*,
No. 1:18-cv-00443 (M.D. Pa.) ................................................................. 5-6

*Diamond v. Charles*,
476 U.S. 54 (1986)...................................................................................13

*Donaldson v. United States*,
400 U.S. 517 (1971)...................................................................................2

*EEOC v. Farmer's Pride, Inc.*,
No. 12-MC-148, 2014 U.S. Dist. LEXIS 35793 (E.D. Pa., Mar. 18, 2014).................7

*Fish v. Kobach*,
No. 16-cv-02105 (D. Kan., filed Aug. 1, 2018)...........................................16

*Greene v. United States*,
996 F.2d 973 (9th Cir. 1993) .......................................................................8

*Harris v. Pernsley*,
820 F.2d 592 (3d Cir. 1987)....................................................................6, 8

*Hoots v. Pennsylvania*,
672 F.2d 1133 (3d Cir. 1982)...............................................................12, 14

*Husted v. A. Philip Randolph Inst.*,
138 S. Ct. 1833 (2018)...............................................................................9

*Indiana Democratic Party v. Rokita*,
No. 1:05-cv-00634 (S.D. Ind.) ..............................................................5, 16

*In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*,
418 F.3d 277 (3d Cir. 2005)........................................................................12

*In re Pet Food Prods. Liab. Litig.*,
    345 F. App'x 857 (3d Cir. 2009) ..................................................................4

*Judicial Watch, Inc. v. Logan*,
    No. 2:17-cv-08948 (E.D. Cal., filed Dec. 13, 2017) ............. 1, 3, 8, 12, 13-14

*Kitzmiller v. Dover Area Sch. Dist.*,
    229 F.R.D. 463 (M.D. Pa. 2005) ................................................................14

*Kitzmiller v. Dover Area Sch. Dist.*,
    No. 04-cv-2688, 2005 U.S. Dist. LEXIS 3693 (M.D. Pa., Mar. 10, 2005) ......15, 15 n.6

*Kleissler v. United States Forest Serv.*,
    157 F.3d 964, 969 (3d Cir. 1998) ............................................................ 2-4

*Kobach v. U.S. Election Assistance Commission*,
    No. 13-cv-4095, 2013 U.S. Dist. LEXIS 173872 (D. Kan. Dec. 12, 2013) ........... 11-12

*Koschnick v. Doyle*,
    No. 09-cv-00767 (W.D. Wis.) ................................................................5, 16

*Nat'l Assoc. for Neighborhood Sch., Inc. v. Bd. of Pub. Educ. of Sch. Dist.*,
    90 F.R.D. 398 (W.D. Pa. 1981) ................................................................16

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ......................................................................7

*Norris v. Detzner*,
    No. 3:15-cv-00343 (N.D. Fla.) ..........................................................5, 13, 16

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995) ....................................................................2, 10

*Pasha Auto Warehousing v. Phila. Reg'l Port Auth.*,
    No. 96-6779, 1997 U.S. Dist. LEXIS 20511 (E.D. Pa. Dec. 23, 1997) ......................16

*Pennsylvania v. President United States*,
    888 F.3d 52 (3d Cir. 2018) ......................................................................10

*Phila. Elec. Co. v. Westinghouse Elec. Corp.*,
    308 F.2d 856 (3d Cir. 1962) ..................................................................4, 16

*Standard Heating and Air conditioning Co. v. City of Minneapolis*,
    137 F.3d 567 (8th Cir. 1998) ....................................................................6

*Texas v. United States*,
    805 F.3d 653 (5th Cir. 2015) ..................................................................10

*Threadgill v. Armstrong World Indus., Inc.*,
    928 F.2d 1366 (3d Cir. 1991) ....................................................................8

*United States v. Terr. of the V.I.*,
    748 F.3d 514 (3d Cir. 2014) ................................................................ 10-12

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
    922 F.2d 92 (2d Cir. 1990) ......................................................................6

*Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*,
    No. 2010-139, 2012 U.S. Dist. LEXIS 169623 (D.V.I. Nov. 29, 2012)......................15

*Wolfsen Land & Cattle Co. v. United States*,
    98 Fed. Cl. 507 (2011) ..............................................................................................6

*Wyatt v. Gov't of the V.I.*,
    385 F.3d 801 (3d Cir. 2004)......................................................................................7

*Zignego v. Wisconsin Elections Commission*,
    No. 2019CV000449 (Ozaukee County Circuit Court, Branch 1).................................5

*Statutes*

25 Pa.C.S. § 1901..............................................................................................................10

25 Pa.C.S. § 1905..............................................................................................................11

25 Pa.C.S. § 1328(b)(3) .............................................................................................10, 11 n.4

52 U.S.C. § 20510.........................................................................................................7, 15

*Other Authorities*

About the U.S. EAC, https://www.eac.gov/about-the-useac .......................................12 n.5

Federal Rule of Civil Procedure 24 .............................................................2, 9-10, 12-13

Perkins, Pennsylvania ACLU Hopes to Join Voter Roll Purge Lawsuit
(March 2, 2020), https://www.wesa.fm/post/pennsylvania-aclu-hopes-join-voter-roll-purge-lawsuit#stream/0 ........................................................................................................9 n. 3

Plaintiff Public Interest Legal Foundation (the "Foundation") hereby files this response in opposition to the motion to intervene (Doc. 4) filed by non-parties League of Women Voters of Pennsylvania, League of Women Voters of Greater Pittsburgh, Inc., One Pennsylvania, and the Pittsburgh Chapter of the A. Philip Randolph Institute (together, the "Leagues").

## INTRODUCTION

The Leagues fail to establish sufficient grounds for intervention, as they present no relationship between their interests and the relief sought. The Leagues claim a general interest in protecting against the removal of *eligible* registrants from the voter rolls. (Doc. 5 at 4.) The Foundation's claim has nothing to do with removing eligible voters. The Foundation, an organization formed specifically to promote the integrity of elections, seeks to enforce the National Voter Registration Act of 1993 ("NVRA"), which addresses the removal of *ineligible* registrants. If the Foundation succeeds in this suit, only *ineligible* registrants will be removed from the rolls. The Leagues thus have no interest that could be impaired or even affected by the disposition of this action. Doc. 76, *Judicial Watch, Inc. v. Logan*, No. 2:17-cv-08948 (E.D. Cal., entered July 12, 2018) (denying motion to intervene filed by League of Women Voters of Los Angeles *et al*.) (Exhibit A). Regardless, the County adequately safeguards the voting rights of *eligible* registrants and is legally bound to do so. Accordingly, the Leagues intervention on that issue is unnecessary and superfluous.

Moreover, previous behavior by the Leagues demonstrates that permitting intervention would unduly delay resolution of this case by driving up costs and complicating procedural issues, discovery, motion practice, and even settlement. The Leagues have not shown their participation as a *party*, throughout *all phases* of this action, is necessary or even helpful to the Court's interpretation and application of Section 8 of the NVRA. While the Leagues may have

1

political preferences as to how the NVRA should be enforced, these motives cannot justify intervention. Rather, the appropriate place for the Leagues to voice their concerns is as *amici curiae*, at an appropriate juncture in the proceedings.

The Leagues have no more right to intervene in this action, which seek NVRA-compliant list maintenance, than the Foundation would have to intervene in an action filed by the Leagues seeking redress for an improperly removed registrant. For these reasons, the League's motion should be denied.

## ARGUMENT

**I.      The Court Should Deny the Leagues' Request for Intervention as of Right.**

A non-party is permitted to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) *only* if the following four requirements are satisfied:

>  (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995) ("*Mountain Top*"). Failure to satisfy just one of these requirements is fatal to the Leagues' request. *Id*. Here, the Leagues fail to establish three of the four prongs and the motion must fail.

### A.  The Leagues Have No "Sufficient Interest" in this Action's Subject Matter.

To intervene as of right, the Leagues must demonstrate a "significantly protectable" legal interest, as distinguished from an interest of a "general and indefinite character." *Mountain Top*, 72 F.3d at 366. There must also be an actual nexus between the Leagues' interest and the subject matter of the litigation. That is, "the applicant must have an interest 'relating to the property or transaction which is the subject of the action[.]'" *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971));

The Third Circuit has instructed that the "polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id*. at 972. A sufficient interest is one that "will be directly affected in a substantially concrete fashion by the relief sought." *Id*. "The interest may not be remote or attenuated." *Id*.

The Leagues have sought to "intervene in this action to protect their interest against the removal of *eligible* voters." (Doc. 5 at 4 (emphasis added).) This case is not about removing eligible registrants and can never touch eligible registrants. The Leagues' motion must fail because there is no nexus between that interest and the relief sought. The Foundation does not seek the removal of a single *eligible* registrant. Nor does the Foundation seek to compel the County into "aggressively purging their voter rolls." (Doc. 5 at 9.) Instead, the Foundation seeks to "remove *confirmed ineligible* registrants" pursuant to Pennsylvania statutory procedures and to "implement reasonable and effective registration list maintenance programs to cure the violations" of Section 8 of the NVRA. (Doc. 1, Prayer for Relief ¶¶ 2-3.)

Other courts have denied the Leagues' motion to intervene in nearly identical circumstances. *Judicial Watch, Inc. v. Logan*, No. 2:17-cv-08948 (E.D. Cal., filed Dec. 13, 2017). In that action, like here, an organization file suit to compel election officials to use reasonable efforts to remove ineligible registrants from the voter rolls. Doc. 1 at 11-26, *Judicial Watch* (E.D. Cal., filed Dec. 13, 2017). A coalition of interest groups, including the League of Women Voters of Los Angeles, moved to intervene as defendants. Doc. 31, *Judicial Watch* (E.D. Cal., filed April 17, 2018). The would-be intervenors rested their entitlement to intervention on the very same interest as the Leagues do here. *Compare* Doc. 31-1 at 8, *Judicial Watch* (E.D. Cal., filed April 17, 2018) (opposing "eligible voters being wrongfully removed from the voter

rolls") *with* Doc. 5 at 4 (protecting "against the removal of eligible voters"). The court denied the motion because the intervenors' claimed interest bore no relationship to the relief sought.

> Here, [movants] have a legally protected interest to ensure that eligible voters maintain their right to vote and remain on the voter rolls. However, there is no relationship between this interest and the claims at issue. Plaintiffs request that Defendants reasonably attempt to remove *ineligible* voters from the voter rolls. Removing ineligible voters from the voter rolls will not affect eligible voters' rights. Accordingly, [movants] do not satisfy the second prong.

Exhibit A at 2 (emphasis in original). As in *Judicial Watch*, so here: The Leagues' claimed interest in protecting *eligible* registrants has nothing to do with the claims and relief sought in this action—*i.e.*, removing *ineligible* registrants. The Leagues' interest is thus too "remote and attenuated" because the requested relief will not impact the Leagues or their members. *Kleissler*, 157 F.3d at 972. In such instances, the Third Circuit instructs that intervention should be denied. *Phila. Elec. Co. v. Westinghouse Elec. Corp.*, 308 F.2d 856, 859 (3d Cir. 1962) (denying intervention where "no such prospective injury has been shown"); *Benjamin v. Dep't of Pub. Welfare of Commonwealth*, 432 F. App'x 94, 98 (3d Cir. 2011) (denying intervention where relief sought expressly "excludes Intervenors" and where movants "will not be personally bound by anything that is decided in this litigation"); *In re Pet Food Prods. Liab. Litig.*, 345 F. App'x 857, 860 (3d Cir. 2009) (denying intervention where movant's interest had been destroyed).

The Leagues tout two cases where so-called "voter registration organizations" were granted intervention. (Doc. 5 at 9.) Yet neither instance supports intervention here. In *Bellitto v. Snipes*, the intervenor—a union—filed an affidavit from its regional director, who swore that some of the union's members "were included on prior lists of eligible voters to be purged by Florida election officials," some of whom were "named plaintiffs" in an action challenging registrant removal policies. Doc. 23, *Bellitto*, No. 16-cv-61474 (filed Sept. 19, 2016). The court

credited those statements in its order granting the union's motion. *Bellitto v. Snipes*, No. 16-cv-61474, 2016 U.S. Dist. LEXIS 128840, at *3 (S.D. Fla. Sep. 20, 2016) (2016 WL 5118568).

Here, the Leagues do not claim that a single member faces a tangible threat of unlawful removal. Instead, the Leagues claim that each member merely has a "cognizable interest in remaining on the voter list" and each member "depend[s] upon the proper enforcement of the NVRA." (Doc. 5 at 1.) Those interests are no different from the general public's interest in ensuring that election laws are followed. *Am. Ass'n of People with Disabilities v. Herrera*, No. CIV 08-0702, 2009 U.S. Dist. LEXIS 47156, at *29 (D.N.M. Apr. 20, 2009) (where "the alleged interest could be claimed by any voter, the interest is only of a general—not a direct and substantial—concern"). Notably, the parties already seek to keep *eligible* registrants on the rolls.[1]

The Leagues ignore that, in addition to *Logan*, the League of Women Voters has been *denied* intervention in at least the following cases:

1. *Norris v. Detzner*, No. 3:15-cv-00343 (N.D. Fla.). Attached as Exhibit B.
2. *Indiana Democratic Party v. Rokita*, No. 1:05-cv-00634 (S.D. Ind.) Attached as Exhibit C.
3. *Corman v. Torres*, No. 1:18-cv-00443 (M.D. Pa.) Attached as Exhibit D.
4. *Koschnick v. Doyle*, No. 09-cv-00767 (W.D. Wis.) Attached as Exhibit E.
5. *Zignego v. Wisconsin Elections Commission*, No. 2019CV000449 (Ozaukee County Circuit Court, Branch 1). Attached as Exhibit F.

In the Pennsylvania case, *Corman v. Torres*, the League of Women Voters of Pennsylvania moved to intervene in a federal suit to defend a remedial congressional district map that was drawn as a result of a successful challenge brought by the movant in state court. Doc. 6, *Corman v. Torres*, No. 18-cv-443 (filed Feb. 22, 2018). The federal court nevertheless denied the

---

[1] The second action cited by the Leagues is of little value because the order granting the motion to intervene does not provide the reasons the motion was granted. Doc. 25, *Va. Voter's All., Inc. v. Leider*, No. 16-cv-394 (E.D. Va., entered June 17, 2016).

motion to intervene. Here, the Leagues' interest is even more attenuated than in *Corman* and the motion should likewise fail.

**B. The Leagues Have No Interest that Will be Affected by this Action.**

To intervene as of right "the applicant must do more than show that his or her interests may be affected in some incidental manner. Rather, the applicant must demonstrate that there is a *tangible threat* to a legally cognizable interest[.]" *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) (emphasis added). The Leagues have not demonstrated a "tangible threat"—or any threat whatsoever—to their members' registrations.

Instead, the Leagues proffer an imaginary threat. They imagine that the court "might" order "unwarranted voter purges" that go "above and beyond" what state and federal law require. (Doc. 5 at 10.) Yet the Leagues do not identify a single demand in the Foundation's Complaint to support their imaginary threat. (*See* Doc. 5 at 10.) The Leagues nevertheless claim, without a shred of evidence, that the Foundation would have Defendants adopt "unreasonable list maintenance practices." (*Id*. at 11.) Not so.

Speculation supports denial of the motion. It is speculation to suggest that the Foundation will seek "unwarranted" or "unlawful" remedies (Doc. 5 at 2), that the Court will agree to them, or that this Court will order them implemented. "An interest that is . . . contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule" governing intervention as of right. *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see also Wolfsen Land & Cattle Co. v. United States*, 98 Fed. Cl. 507, 513 (2011) ("The interest thus may not be either indirect or contingent."); *Standard Heating and Air conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998) (interest not sufficient where "a sequence of events would have to occur for the interests of the associations to

be impacted"); *Conservation Law Found., Inc. v. Mosbacher*, 966 F.2d 39, 42 (1st Cir. 1992) (collecting circuits that "reject interests that are speculative, indirect, or contingent"). The Leagues cannot create an injury sufficient to support intervention simply by fantasizing about events that have not yet occurred and are unlikely to occur.[2]

If the County was to do what the Foundation does not seek—and remove eligible registrants from the rolls—those registrants would have a cause of action in a separate case to seek redress. 52 U.S.C. § 20510. That raises serious subject matter jurisdiction concerns. The Leagues want this Court to pre-hear controversies before they exist. The Leagues have no case, but they want this Court to exercise jurisdiction over their hypothetical claims. There is an established statutory, private right of action regarding improper removal of registrants and the Leagues seek to by-pass the Congressionally mandated subject matter jurisdiction requirements in 52 U.S.C. § 20510 and have this Court rule on pre-controversies and pre-cases. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 (3d Cir. 2015) (jurisdiction limited "to actual cases or controversies") (citations and quotations omitted); *Wyatt v. Gov't of the V.I.*, 385 F.3d 801, 806 (3d Cir. 2004) ("A dispute is not ripe for judicial determination if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citations and quotations omitted); *EEOC v. Farmer's Pride, Inc.*, No. 12-MC-148, 2014 U.S. Dist. LEXIS 35793, at *12 (E.D. Pa. Mar. 18, 2014) ("standing principles are relevant to help define the type of interest that the intervenor must assert").

The Leagues' speculative and hypothetical injuries present the same circumstances that led the Court in *Logan to* find this prong not satisfied and ultimately deny intervention.

---

[2] The Leagues' claim that they will be required to "devote substantial resources" to address any relief (Doc. 5 at 10) is even more speculative and not connected to a tangible threat.

> Here, [movants] are not substantially affected by the outcome of this action as it pertains to only *ineligible* voters. The [movants] speculate that eligible voters risk wrongful removal from voter rolls. Should that occur, [movants] may bring a separate, private cause of action to vindicate these voters' rights. [Movants'] rights will not be harmed if ineligible voters are removed from the voter rolls.

Exhibit A at 3.

The Leagues acknowledge their ability to pursue their own action (Doc. 5 at 12) but offer two reasons why they believe that should not weigh against them. First, they claim the potential *stare decisis* effect of any court-ordered relief means their interests may be impaired. (Doc. 5 at 11.) This is meritless. If a registrant is improperly removed in the future, then no action by this Court could possibly impair that registrant's claim under the NVRA. They must also be concerned that the Third Circuit will uphold this Court's error because "[t]he doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). Intervention as a matter of right requires a "tangible threat" to a real and protectible interest. *Harris*, 820 F.2d at 601. The Leagues' *stare decisis* concerns are unsupported conjecture and too speculative to support intervention. *See Greene v. United States*, 996 F.2d 973, 977 (9th Cir. 1993) (finding "interest in preserving the favorable effects of *stare decisis* is too speculative to warrant intervention").

Second, the Leagues invoke the "policy preference" that "favors intervention over subsequent collateral attacks." (Doc. 5 at 12.) Whatever "policy" exists makes no difference *here* because no amount of "preference" can overcome the Constitution's injury-in-fact requirement or the closely related requirement that would-be intervenors demonstrate a "tangible threat to a legally cognizable interest." *Harris*, 820 F.2d at 601. The Leagues demonstrate neither.

In recent statements to the media, the Leagues' counsel undermined any remaining notion that the Leagues' face tangible threats to their interests. In a media interview, counsel indicted

that the Leagues "don't think Allegheny County officials would improperly remove voters on purpose."[3] Instead, the Leagues fear that unless they are made a *party*, this Court will enter "some improper mistaken court order" that requires the removal of *eligible* registrants. *Id*. In other words, the Leagues' do not believe this Court is capable of interpreting and applying the NVRA in a lawful manner without an ACLU-approved minder. Such an unreasonable and baseless belief cannot support intervention. Furthermore, in January 2020, the County removed 68,000 ineligible registrants from the voter rolls pursuant to Pennsylvania law. According to the Leagues' counsel, the County is doing everything just fine: "We had met with the county, talked to them about the procedures they employed to make sure that eligible voters aren't part of that list clean-up, we're satisfied with that[.]" *Id*. The Leagues should not now be heard to claim that the County cannot be trusted.

The Court would rightfully deny a motion by the Foundation to intervene in a case brought by the Leagues on behalf of an aggrieved registrant wrongfully removed. The Leagues and others like them routinely file actions to block list maintenance practices they believe violate the NVRA. *See, e.g.*, *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833 (2018). Under the Leagues' reasoning, the Foundation would have the right to intervene in such cases to protect its interest in promoting NVRA-compliant list maintenance and to ensure that no *ineligible* registrants remain on the voter rolls. That reasoning is flawed. The Leagues would turn Rule 24 into an open invitation for opposing issue-advocacy groups to oppose each other in federal court. Rule 24 would be abused if it were an entry for a well-funded issue advocacy group to engage opponents in new forums besides regular policy debates. *Texas v. United States*, 805 F.3d 653,

---

[3] Perkins, Pennsylvania ACLU Hopes to Join Voter Roll Purge Lawsuit (March 2, 2020), https://www.wesa.fm/post/pennsylvania-aclu-hopes-join-voter-roll-purge-lawsuit#stream/0 (last accessed March 16, 2020).

657 (5th Cir. 2015) ("an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely prefers one outcome to the other.").

### C.  The Leagues Have Not Overcome the Presumption of Adequate Representation.

The Leagues fail entirely on the adequate representation prong. Their weak position is further weakened by the fact that no responsive pleading has been filed by the County, against which the Leagues and this Court can judge the adequacy of representation. Controlling authority is also strongly against them here. "There is a presumption that if one party is a government entity charged by law with representing the interests of the applicant for intervention, then this representation will be adequate." *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). Although the presumption is "rebuttable," *Pennsylvania v. President United States*, 888 F.3d 52, 60 (3d Cir. 2018), the Leagues' burden is not "minimal," (Doc. 5 at 12). Rather, "a potential intervenor can only overcome the presumption and thereby intervene by making a 'compelling showing . . . to demonstrate why [the government's] representation is not adequate.'" *United States v. Terr. of the V.I.*, 748 F.3d 514, 520 (3d Cir. 2014) (quoting *Mountain Top*, 72 F.3d at 369).

The Leagues' profess an interest in protecting against the removal of *eligible* registrants. (Doc. 5 at 4.) The County is "charged by law" with doing exactly that. *Brody*, 957 F.2d at 1123. By law, the County must register an eligible person to vote upon request. 25 Pa.C.S. § 1328(b)(3). By law, the County may not remove an eligible registrant unless certain criteria are satisfied, and certain procedures are followed. *See, e.g.*, 25 Pa.C.S. § 1901. If a registration is canceled through error, the County, by law, must reinstate the registrant if the error is confirmed. 25 Pa.C.S. § 1905. The Leagues concede that the County is "responsible for the general

management and accuracy of the County's voter registration lists, including oversight of list maintenance programs." (Doc. 5 at 13.) The presumption of adequate representation attaches.

The presumption can be overcome only if the Leagues make a "compelling showing," *Terr. Of the V.I.*, 748 at 520, that one of the following is true:

> (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

*Brody*, 957 F.2d at 1123. The Leagues confine their argument to the first method of proof.

The Leagues claim "that their interests differ significantly from those of Allegheny County" and that they have "distinct and particular interests in ensuring that eligible, registered voters remain on the rolls and in the effectiveness of their own voter registration efforts." (Doc. 5 at 13.) These rhetorical statements are wholly unsubstantiated. The Leagues' interest in "ensuring that eligible, registered voters remain on the rolls" is in lockstep with the County's legal obligations and interest in this action. The Leagues do not identify anything that is "more specific" about their interests in the subject matter of this action.[4] (Doc. 5 at 13.)

The Leagues' reliance on *Kobach v. U.S. Election Assistance Commission*, No. 13-cv-4095, 2013 U.S. Dist. LEXIS 173872 (D. Kan. Dec. 12, 2013) is misplaced. For starters, *Kobach* was about state-specific changes to the federal voter registration form, not the list maintenance standards under the NVRA. *Id*. at *5-6. Second, the *Kobach* court granted *permissive* intervention, and did not even consider intervention as of right. *Id*. at *5. More importantly, the defendants were not "charged by law with representing the interests of the applicant for

---

[4] The Leagues' asserted interest in preserving the "effectiveness of their own voter registration efforts" is not distinct from the Leagues' interest in ensuring eligible voters remain registered. Even if it is, the County is legally bound to register each eligible person that was assisted by the League in the registration process. 25 Pa.C.S. § 1328(b)(3).

intervention." *Brody*, 957 F.2d at 1123. Defendant U.S. Election Assistance Commission

("EAC") is a federal entity "charged with developing guidance to meet [Help America Vote Act]

requirements" and "maintaining the national mail voter registration form," among other things.[5]

The EAC does *not* decide who is added or removed from county voter rolls or otherwise protect

voting rights. It was therefore not unreasonable for the court to question whether the EAC's

interests may diverge from that of the movants. Here, the County *does* decide who is added and

removed from the voter rolls and is legally bound to remove only *ineligible* registrants. In short,

there is "no dissimilarity of interests" among the parties and the Leagues. *Hoots v. Pennsylvania*,

672 F.2d 1133, 1135 (3d Cir. 1982). The reasoning of *Kobach* thus has no relevance here.

When the dust settles, it is clear that the Leagues and the County (and the Foundation)

share "the same ultimate objective." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of

Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 315 (3d Cir. 2005). The Leagues have not

made the "compelling showing," *Terr. Of the V.I.*, 748 at 520, necessary to overcome the

presumption of adequate representation. This prong is therefore not satisfied. Exhibit A at 2-3.

## II.     The Court Should Deny the Leagues' Request for Permissive Intervention.

This Court "may permit" intervention where the proposed intervenor "has a claim or

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.

24(b)(1)(B). However, the Court must also "consider whether the intervention will unduly delay

or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[I]f

intervention as of right is not available, the same reasoning would indicate that it would not be an

abuse of discretion to deny permissive intervention as well." *Brody*, 957 F.2d at 1124.

### A.  The Leagues Do Not Have a Separate Claim or Defense.

---

[5] About the U.S. EAC, https://www.eac.gov/about-the-useac (last accessed March 17, 2020).

As Justice O'Connor explained, "the words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Diamond v. Charles*, 476 U.S. 54, 76 (1986) (O'Connor, J., concurring). So, while Rule 24 does not require a "direct personal or pecuniary interest in the subject of the litigation," the Rule "plainly *does* require an interest sufficient to support a legal claim or defense which is 'founded upon [that] interest.'" *Id*. at 77 (emphasis in original) (citation omitted).

The Leagues have no such claim or defense. On the contrary, the Leagues merely plan to "defend against Plaintiff's claims that Allegheny County has failed to conduct NVRA-compliant list maintenance." (Doc. 5 at 14.) However, the County, not the Leagues, are legally responsible for conducting NVRA-compliant list maintenance. Defenses about what the County has and has not done to maintain the voter rolls are therefore not the Leagues to make. *See Diamond*, 476 U.S. at 77 (O'Connor, J., concurring) (explaining that permissive-intervention rule not satisfied where movant "asserts no actual, present interest that would permit him to sue or be sued"); *see also* Exhibit B at 4 (denying League of Women Voters of Florida permissive intervention because they "have no enforcement role in upholding the challenged amendments or in opposing the asserted speech rights, and thus they do not share a claim or defense in this suit.").

The Leagues also have no legal "claim" that shares a "common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As the *Logan* court found under nearly identical circumstances,

> [Movants] do not meet the threshold requirements because they do not share a common question of law or fact with the underlying action. Here, Plaintiffs are suing Defendants to enforce the NVRA and remove ineligible voters from the voter rolls. By contrast, [movants] are concerned with *eligible* voters being wrongfully removed from the list. There is no reason that eligible voters would be removed from voter rolls if Plaintiffs are successful. In fact, it is purely speculative that eligible voters would be injured by ordering compliance with the NVRA.

Exhibit A at 4 (emphasis in original). The same is true here.

The Leagues' motion makes clear that they intend to present the same legal defense that the County will make. (Doc. 5 at 14-15.) Where a proposed intervenor will duplicate efforts without adding anything, permissive intervention should be denied. *See Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 463, 471 (M.D. Pa. 2005); *Benjamin v. Dep't of Pub. Welfare of Pa.*, 267 F.R.D. 456, 465 (M.D. Pa. 2010), *affirmed* 432 F. App'x 94 (3d Cir. 2011) (denying permissive intervention "because the Applicants' interests are already represented in the litigation, and their appearance as intervenors would not sufficiently add anything to the litigation.").

## B.  The Leagues Will Cause Unduly Delay and Expense if Permitted to Intervene.

The Leagues claim that their intervention will not cause delay or prejudice because the action has not progressed beyond the filing of the Complaint. The Third Circuit instructs that this Court must consider much more than case development.

> [W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be "undue."

*Hoots*, 672 F.2d at 1136. As explained, the interests of the League and the County are identical, and the County is presumed adequate to protect those interests. It is unlikely the Leagues will raise any substantive defenses beyond those the County will raise and thus the Leagues' contributions will be superfluous and a drain on the resources of the parties and the Court. In fact, the Leagues already made unnecessary and contentious work for the parties when they ignored this Court's page limitation and forced the Foundation to seek relief to file this response. (*See* Docs. 9 and 10.) That is but a preview of what is to come if intervention is permitted.

The Leagues seek to add four additional parties (and at least six additional attorneys), which would bring the total number of parties to nine. The Leagues' participation would thus undoubtedly raise the cost of this litigation. *See Kitzmiller v. Dover Area Sch. Dist.*, No. 04-cv-

2688, 2005 U.S. Dist. LEXIS 3693, at *23 (M.D. Pa. Mar. 10, 2005)[6] ("Although the Applicants assert that they will not increase the costs to Dover area taxpayers, regardless of the outcome, we find it impossible to believe that the participation of six additional defendants will not increase, potentially in a substantial fashion, discovery requests, depositions, discovery costs, pretrial work, the length of trial, and the extent of post-trial motions."); *see also Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*, No. 2010-139, 2012 U.S. Dist. LEXIS 169623, at *30-31 (D.V.I. Nov. 29, 2012). The Court should not permit the Leagues to participate as defendants where they possess no protectable interest and would merely increase legal fees and expenses—fees and expenses that the Foundation will seek to recover from the County if successful in proving its case. *See* 52 U.S.C. § 20510(c) (allowing fees to prevailing party).

The Leagues history in driving up costs and fees in other cases should weigh against their motion. One judge admonished them for seeking fees for the work of *nine* attorneys on a single motion, remarking, "the sheer number of attorneys working on these tasks is excessive." Doc. 554, *Fish v. Kobach*, No. 16-cv-02105 (D. Kan., filed Aug. 1, 2018) (Exhibit G at 12). The Leagues "will not contribute anything to the litigation, and in fact will likely have a potentially adverse impact on existing parties relating to their exposure to fees and costs." *Kitzmiller*, 2005 U.S. Dist. LEXIS 3693, at *24.

### C. The Leagues' Interests Are Served Through Participation as Remedial *Amici.*

---

[6] *Kitzmiller* involved a challenge to a school policy that required the teaching of "intelligent design." The challengers were represented by the Leagues' counsel, who, in that instance, opposed the intervention of parents of children who attended the school and who opposed the censorship sought by the plaintiffs. The Leagues' counsel successfully opposed intervention by "aptly" invoking what the court called the "well-settled presumption that a government entity named as a defendant charged with representing the interests of proposed intervenors will do so adequately." *Kitzmiller*, 2005 U.S. Dist. LEXIS 3693, at *16.

The Leagues offer to "present a distinct perspective on legal and factual issues before the Court" that will simply "complement" the County's defense. (Doc. 5 at 15.) Such a presentation does *not* require participation as a defendant. Allowing the Leagues to participate as remedial *amici* would permit them to offer the Court their perspective while fostering judicial economy and preventing undue delay and expense. *See Phila. Elec. Co. v. Westinghouse Elec. Corp.*, 308 F.2d 856, 859-60 (3d Cir. 1962) (denying intervention and suggesting that intervenor "supply useful expert opinion as a friend of the court"); *Nat'l Assoc. for Neighborhood Sch., Inc. v. Bd. of Pub. Educ. of Sch. Dist.*, 90 F.R.D. 398, 405 (W.D. Pa. 1981) (denying intervention and permitting *amicus* brief); *Pasha Auto Warehousing v. Phila. Reg'l Port Auth.*, No. 96-6779, 1997 U.S. Dist. LEXIS 20511, at *21 (E.D. Pa. Dec. 23, 1997) (same). Indeed, courts have routinely denied the League of Women Voters intervention and invited them and similarly situated organizations to file briefs as *amici curiae*. Exhibit B at 3; Exhibit C at 1; Exhibit C at 2, ¶ 3; Exhibit E at 2. If the Court wishes to hear their arguments, it should do the same. Furthermore, the Leagues are primarily concerned with the remedial stage of this action. (Doc. 5 at 12.) If allowed a say, the Leagues' participation should be tailored to match their interest.

## CONCLUSION

The Leagues' participation as parties will cause duplication of effort and a substantial rise in cost without any corresponding benefit to the parties or the Court. Their interests and concerns are easily addressed through participation as *amici curiae*. For the foregoing reasons, this Court should deny the Leagues' request to intervene.

Dated: March 17, 2020

Respectfully submitted,

For the Plaintiff Foundation:


/s/ Linda A. Kerns
Law Offices of Linda A. Kerns, L.L.C.
1420 Locust St., Ste. 200
Philadelphia, PA 19102
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

J. Christian Adams*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington Street, Suite 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
*Application for Admission Forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, I electronically filed the foregoing using the

Court's ECF system, which will serve notice on all parties.

   /s/ Linda A. Kerns
linda@lindakernslaw.com
Counsel for Plaintiff